130 So.2d 3

James W. HOOPER

v.

FIREMAN'S FUND INSURANCE
COMPANY et al.

6 Div. 641.

Supreme Court of Alabama.

May 11, 1961.

Norris & Coleman and Ralph E. Coleman, Birmingham, for appellant.

London, Yancey, Clark & Allen, and Bibb Allen, Birmingham, for appellees.

LAWSON, Justice.

This is a declaratory judgment proceeding wherein the Circuit Court of Jefferson County, in Equity, has declared that a release which the appellant executed on June 3, 1959, is valid and binding so as to relieve the appellees from all claims of whatsoever kind which grow out of an automobile collision which occurred in Jefferson County on May 29, 1959.

The appellee Strickland was the driver of an automobile which ran into the rear of the automobile which the appellant, Hooper, was driving. The appellee Fireman's Fund Insurance Company is Strickland's insurance carrier.

The question for decision is whether the trial court erred in declaring the release to be valid, a question of fact.

 In answering the question, we can consider only those matters that are included in the transcript of the evidence as certified by the court reporter. We cannot give consideration to a statement which appellant contends the trial judge made which was not included in the reporter's transcript and which the trial court refused to have the reporter add to the transcript.

The witnesses were examined orally before the trial court.

 Hooper, the appellant, gave testimony which if believed might have justified a finding that the release was obtained by fraud and misrepresentation of the insurance company's representative, one McCarty.

But the testimony of McCarty and of the notary public before whom the appellant executed the release is to the effect that no fraud was committed or misrepresentation made; that the appellant was told before he signed the release that it was to cover all claims which arose out of the accident and that he did not sign the release until after he had read it and had said that he understood its contents and was signing it of his own free will and accord.

The trial court evidently believed the witnesses for appellees.

 On questions of fact such as is before us in this case, it is the duty of this court to indulge all reasonable presumptions in favor of the trial court's findings when, as here, the evidence was heard ore tenus. We cannot substitute our judgment on the effect of the evidence dealing with the pivotal question of fact for that of the trial court. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621. The trial court's findings on the facts will not be disturbed on appeal unless palpably wrong. Christian v. Reed, 265 Ala. 533, 92 So.2d 881.

Indulging all reasonable presumptions in favor of the trial court's decree, we cannot say that it was palpably wrong.

We therefore conclude that the decree here under review is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.