161 So.2d 493

## INLAND MUTUAL INSURANCE COMPANY

v.

## J. M. HIGHTOWER, Jr., et al.

### 6 Div. 993.

Supreme Court of Alabama.

Feb. 20, 1964.

See also 274 Ala. 52, 145 So.2d 422.

Wiggins, Fite & Wiggins, Jasper, for appellant.

Fite & Thomas, Hamilton, for appellees.

**292**

SIMPSON, Justice.

This is an appeal from a decree rendered by the Circuit Court of Marion County, Alabama, in Equity, in a declaratory judgment proceeding on a policy of liability insurance instituted by appellee Hightower against appellant Inland Mutual Insurance Company and appellee Simms. The decree declared that the policy of liability insurance issued by appellant to appellee Hightower covering a certain tractor and trailer was in full force and effect and protected the appellee Hightower from claims of appellee Simms for personal injuries and property damages sustained by him in a collision between the tractor of the appellee Hightower described in the policy and a vehicle owned and operated by the appellee Simms on October 23, 1956, in Marion County.

This is the second appeal in this case. Reference is made to Inland Mutual Insurance Company v. Hightower, reported at 274 Ala. 52, 145 So.2d 422, for a complete understanding of the facts and issues involved. This Court, per curiam, determined on rehearing of the prior appeal that the appellant Inland Mutual could not be liable under the policy of insurance involved on the theory that it had waived the provision of the policy, to wit:

> "EXCLUSIONS–This policy does not apply: * * * (c) under coverages A and B, while the automobile is used for the towing of any trailer or any other vehicle and not covered by like insurance in the company."

It was further determined on the prior appeal that the appellant was not estopped to assert the aforementioned exclusion as a defense. The case was remanded for a new trial on the facts and a determination of the factual question of whether the trailer which the tractor was towing at the time of the collision was a trailer covered by "like insurance in the company", or whether the trailer which was being towed at the time of the accident was an uninsured trailer. It is and was undisputed that the tractor involved was covered at the time of the accident.

The trial court has determined that the trailer was insured and that the policy sued upon was in full force and effect. There is evidence to support his finding. He had the benefit of observing the witnesses who testified. We must not substitute our judgment for his although we might have reached a different conclusion on the same evidence. Since the only assignments of error are to the effect that the trial court erred in rendering the decree appealed from, and since there is evidence to support his finding, the decree must be affirmed.—Hooper v. Fireman's Fund Insurance Company, 272 Ala. 145, 130 So.2d 3, and cases cited at 2A Ala.Dig., Appeal & Error, ☞931(1)

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.