295 So.2d 400

**J. W. OLIVER and Savannah Oliver**

v.

**Willie CAMPBELL and Marcelle Campbell.**

**SC 695.**

Supreme Court of Alabama.

May 30, 1974.

W. L. Chenault, Decatur, for appellants.

Roger H. Bedford, Russellville, for appellees.

JONES, Justice.

This is an appeal from the Circuit Court of Lawrence County, in Equity, wherein a final decree was rendered adverse to appellants/complainants, J. W. Oliver and his wife, Savannah, who filed a complaint for the reformation of a deed.

The threshold question raised by the complaint was what was the true intention of the parties in the conveyance of "five (5) acres, more or less," by the Olivers to the appellees, Willie Campbell and his wife, Marcelle, in 1963.

Rather than completely reforming the deed, as requested by the Olivers, the trial judge answered this question by concluding, after hearing the evidence *ore tenus*, that there was merely a typographical or directional error in the original deed in the use of the word "southeasterly" rather than "northeasterly." Judge Burney substituted the word "northeasterly" for the word "southeasterly" in the deed which makes the description in the deed close and certain.

The issue dispositive of this appeal is whether the trial Court's findings of fact were palpably wrong, so contrary to the weight of the evidence as to be manifestly unjust, or totally unsupported by the evidence. We answer the question in the negative and affirm.

The Olivers owned a large tract of land in Lawrence County. The Campbells rented a house from the Olivers located on the tract, a part of which is the subject of the controversy before us. Sometime in April, 1963, Oliver and Campbell had several discussions about the Campbells buying a portion of the land owned by the Olivers. As a result of these discusions, Oliver decided to sell Campbell part of the land that included the house the Campbells were renting at the time. Oliver and Campbell physically went upon the land and "walked off" the parcel to be conveyed; and, while they were so doing, Campbell wrote down the directional dimensions of the parcel.

Neither Oliver nor Campbell knew exactly how much land they had "walked off." In their preliminary discussions, however, including the time they were together on the land, Oliver indicated that he intended to sell Campbell the land at $100 per acre. After Oliver and Campbell had finished "walking off" the parcel, they did not agree to a final price, but later Oliver told Campbell that if he wanted the land he could have it for $650. Campbell agreed to buy the parcel they had "walked off" for $650. Several days later they went to the Probate Judge, who drew a deed from the legal description given verbally by Campbell. Inadvertently, Campbell had forgotten to bring the paper on which he had recorded the directional dimensions at the time he and Oliver "walked off" the parcel. Upon this basis the Probate Judge drew what was purported to be the true and correct legal description of the parcel the parties intended to convey.

The Campbells immediately went upon the parcel and erected fences and planted crops without any objection from the Olivers. The Campbells remained upon the property until their divorce, at which time Campbell removed himself from the property. So far as either the appellants or the appellees were concerned, Campbell was living upon the parcel of land conveyed in the deed in 1963.

Eight or nine years after the conveyance, the Olivers engaged a registered land surveyor (Byron White) to come upon the land and establish how much land was in the parcel conveyed. Byron White was given the deed and legal description to work with. As a result of his survey, White found that the legal description failed to close the parcel; and, assuming the correction of this defect, it contained more than five (5) acres. The Olivers then proposed to reform the deed by instructing White to "carve out" five (5) acres for the Campbells. White testified that the minimum acreage that could be

described and still include the Campbells' house was 5.58 acres.

White also testified that if one word (*northeasterly* for *southeasterly*) was changed in the legal description on the deed of conveyance, that it would be a very accurate "Gum Stamp" description of the fourteen acres he surveyed south of Byler Road. The description of the parcel as set out on the deed of conveyance was as follows:

Beginning at the SE corner of the NW ¼ of the SE ¼ of section 14, township 7, Range 8, and run west 110 yards in a southwesterly direction 400 yards, thence south 295 yards, thence in a *southeasterly* direction to a point of beginning, all in section 14, township 7, Range 8, and contained 5 acres, more or less. [Emphasis supplied.]

The trial Court found that the only mistake in the deed was the directional error and he corrected that mistake. As shown by the facts set out above, there was evidence to support his findings.

In Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598 (1970), Justice Merrill, speaking for the Court, stated:

"Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence."

The effect of the assignments of error was that the trial Court erred in its Final Decree. Where the essence of the assignments of error is that the trial Court erred in rendering its decree, if there is evidence to support his findings of fact, the decree must be affirmed. Inland Mutual Insurance Co. v. Hightower, 276 Ala. 291, 292, 161 So.2d 493 (1964).

Having reviewed the assignments of error and finding no grounds for reversal, we therefore affirm.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, and McCALL, JJ., concur.

COLEMAN, J., concurs in result.