This is an appeal from the dismissal of the appellant's petition for writ of error coram nobis. In his petition, he contends that he was denied effective assistance of counsel with regard to two cases.
The appellant claims that he received ineffective assistance of counsel in case N84-835 because his attorney failed to ask the jury venire if any of them were related to the police officers in the case. He offers no supporting facts to indicate that any of the jurors were related to any of the officers. Furthermore, he offers no evidence that any of the jurors were even acquainted with any of the officers. He also alleges that no expert testified at his trial that the substance was marijuana. He offers no additional facts in support of this statement and this conclusory allegation does not warrant a hearing. See Stephens v. State,420 So.2d 826 (Ala.Cr.App. 1982).
The appellant argues, with regard to case N85-1242, that his counsel was ineffective for allowing him to be sentenced as a habitual offender. He contends that the prosecution used two convictions in regard to which he had no counsel and at the time of which he was under the age of 18. The State has requested that this case be remanded for an evidentiary hearing on the appellant's claims of ineffective assistance of counsel.
This case is remanded for an evidentiary hearing on the appellant's claims of ineffective assistance of counsel.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND