This is an appeal from a judgment following an action for breach of contract. After an ore tenus hearing, the trial court held for the plaintiffs. We affirm.
This matter arose as follows: In May 1985, the plaintiffs, Spurlin W. Hill and Frances A. Hill began negotiations with the defendant, Guilford Dudley Cummings, Jr., for the sale of the Hills' 50-acre farm in Chilton County. After numerous discussions, the parties reached an oral agreement for the sale of the property. The terms of that oral agreement were as follows: a total purchase price of $70,500, to be paid in three installments, to wit, $25,000 on June 1, 1985, $26,000 on September 15, 1985, and $19,500 on January 15, 1986. The deed was to be delivered to Cummings on September 15, 1985.
Cummings made the first payment on June 1, 1985, with a personal check, signed by Dede Cummings Anderson, Cummings's daughter. Mrs. Anderson had typewritten the terms of the parties' oral agreement on the face of the check, before sending it to Cummings for delivery to the Hills. Upon receipt of the check, Cummings typed additional *Page 1247 
terms on the back of the check. These additional terms were as follows:
The Hills agree to:
 1. Pay all legal costs, including taxes and recording costs;
2. Relinquish all mineral rights;
 3. Pay all loans and other encumbrances by September 15, 1985;
4. Pay all 1985 state and county taxes;
5. Vacate the premises by July 1, 1985;
6. Clean and repair the interior of the house;
7. Repair all fences;
8. "Bush Hog" (mow) the entire area;
9. Remove or bury trash;
 10. Furnish a list of the improvements, including cost and data on the $20,000 original estimate, and adjust the difference;
 11. Deliver a deed in fee simple to the defendants on September 15, 1985, upon payment of $26,000; and
 12. Perform work listed above and have the cost deducted from the payment due on January 15, 1986.
The Hills endorsed and deposited this check. However, the Hills testified that the writing on the back of the check was not their agreement, and that they negotiated the check only because they needed the money to close on a house that they were buying. It is this check that Cummings contends is the parties' written contract.
On or about July 15, 1985, the Hills vacated the property, and Cummings took possession. Thereafter, the relationship of the parties broke down, and by September 15, 1985, the time of the second installment, both sides were represented by attorneys. On that date, the Hills and Cummings met to exchange the deed and the second installment payment. However, when the Hills insisted that Cummings execute a mortgage as security for the third and final payment, Cummings refused. Thereupon, the Hills refused to deliver the deed, and Cummings withheld the second payment of $26,000. Each side claims to have made a continuous tender of performance since September 15, 1985.
On November 21, 1985, the Hills sued Cummings, alleging breach of an oral contract for the sale of their farm and seeking damages and specific performance of the contract. Cummings filed a counterclaim, alleging that a written contract to sell was embodied on the June 1 payment check, and that the Hills were in breach of this written contract by their failure to perform by delivering the deed, cleaning up the premises, restoring the fences, and repairing and cleaning the interior of the houses located on the property. Cummings sought damages for misrepresentation of material facts about the improvements of the property, damages for mental anguish, damages for expenditure of funds necessitated by the Hills' alleged breach of the written contract, and specific performance by delivery of the deed. Additionally, Cummings denied the allegations of the Hills' complaint. The Hills responded to Cummings's counterclaim, denying that the writing on the June 1 check constituted a legal and binding contract under the laws of Alabama and attesting that the writing on the check did not represent the parties' mutual agreement. In addition, the Hills argued that the writing on the check was vague, ambiguous, and unenforceable.
In accordance with A.R.Civ.P. 67, Cummings paid into the court $45,500, the remaining amount due under the sales agreement. Shortly thereafter, and pursuant to a joint motion of the parties, the court entered an order releasing $24,761 of the $45,500 to pay off an existing mortgage on the property.
The parties filed a joint motion withdrawing their request for a jury trial, and an ore tenus hearing was held, during which the court heard testimony from the Hills as to the content of the parties' oral agreement. Following the hearing, the court entered a judgment in favor of the Hills on their complaint, awarding them damages in the amount of $20,760. The court also found for Cummings on his counterclaim, awarding him $1,000, the balance remaining on deposit with the circuit clerk after deduction of the Hills' award. From this decision, Cummings appealed. *Page 1248 
Initially, we note that this case was tried ore tenus, and that a trial court's judgment based upon ore tenus testimony is presumed to be correct. This Court will not reverse such a judgment unless, after a consideration of all the evidence and all reasonable inferences to be drawn therefrom, it is found to be plainly and palpably wrong, Rhoden v. Miller, 495 So.2d 54
(Ala. 1986); Thompson v. Hartford Accident Indemnity Co.,460 So.2d 1264 (Ala. 1984); Sieben v. Torrey, 252 Ala. 675,42 So.2d 621 (1949), nor may we "substitute our judgment on the effect of the evidence dealing with the pivotal question of fact for that of the trial court." Hooper v. Fireman's FundIns. Co., 272 Ala. 145, 146, 130 So.2d 3 (1961); Sieben v.Torrey, supra.
Cummings's first argument is that the trial court violated the parol evidence rule by admitting testimony of negotiations held prior to the formation of the alleged written contract. However, construction of a written instrument is the duty of the trial court. Haddox v. First Alabama Bank of Montgomery,N.A., 449 So.2d 1226 (Ala. 1984), and when a court finds a written contract to be ambiguous, parol evidence is admissible to aid in interpreting the parties' agreement. Medical ClinicBoard of the City of Birmingham-Crestwood v. Smelley,408 So.2d 1203 (Ala. 1981).
In the present case, we assume that the court determined the written contract to be ambiguous because it admitted parol evidence of prior negotiations. Upon reviewing the written contract, we find that determination to have been proper. Thus, the trial court did not err in admitting parol evidence.
Cummings's second argument also concerns the trial court's admission of evidence of oral negotiations between the parties. He contends that evidence of an oral agreement reached prior to the Hills' receipt of the first installment check should have been excluded. Under the Statute of Frauds, Code of Alabama (1975), § 8-9-2, an oral contract for the purchase of real estate is void unless it falls within a narrow exception. It is Cummings's argument that this particular situation does not fall within that recognized exception, and, therefore, that evidence of any oral agreement between the parties should have been excluded. However, we have already determined that the parol evidence of the parties' negotiations and oral agreements was properly admitted in order to aid the court in its interpretation of the ambiguous written memorandum. Therefore, we need not address this second issue further.
Accordingly, we affirm.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.