The dispositive issue in this review by certiorari is whether the petitioner timely raised his claim that the district attorney impermissibly used peremptory challenges to remove black persons from the venire at his initial trial. In order to address that issue it is necessary to determine whether petitioner's case was "pending on direct appeal" at the timeBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), was decided on April 30, 1986. We hold that even though this Court had affirmed petitioner's conviction on direct review and had denied his application for rehearing beforeBatson was decided, his conviction was nevertheless not "final" within the meaning of that term as defined in Griffith v.Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Petitioner timely filed a petition for certiorari in the United States Supreme Court to review this Court's decision, and in that petition he raised the Batson issue. Even though that Court did not remand the cause to this Court for a consideration of the Batson issue, we, nevertheless, are of the opinion that the definition of "pending on appeal" contained in a footnote in Griffith[1] is controlling. Consequently, in view of our interpretation of the requirements of Griffith, we are required to hold that the petitioner'sBatson claim was still "pending on appeal" on the date Batson
was decided.
Tommy Floyd was convicted of the robbery-murder of Elbert Lee Jackson and was sentenced to death. His conviction and sentence were affirmed on direct appeal. Floyd v. State, 486 So.2d 1309
(Ala.Cr.App. 1984), affirmed, Ex parte Floyd, 486 So.2d 1321
(Ala. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1328,94 L.Ed.2d 179 (1987). Petitioner, in the trial court, objected to the use by the district attorney of peremptory challenges to strike black prospective jurors from the venire, but he did not raise the denial of his claim on direct appeal to the Court of Criminal Appeals, or in his petition to this Court. The Batson
decision was handed down after this Court denied his application for rehearing, and petitioner did assert his juror discrimination claim in the petition for certiorari to the United States Supreme Court, which denied his petition without comment or opinion. 479 U.S. 1101, 107 S.Ct. 1328.
Petitioner filed a petition pursuant to Temporary Rule 20, A.R.Crim.P., in 1987 and a second Rule 20 petition in 1988; they were both denied and his appeals from the two denials were consolidated. In each, he asserted his claim of aBatson violation. The Court of Criminal Appeals affirmed the trial court's denials, 571 So.2d 1221 (1989), and Floyd's present petition for certiorari to this Court followed. In his petition for certiorari, Floyd has raised a number of issues, but we need to address only the Batson issue.
The dates of Floyd's case are very important. He was convicted in January 1983; at his trial, the district attorney used his *Page 1236 
first 11 peremptory challenges to remove all 11 blacks from the jury. Floyd's attorney objected and moved for a mistrial, which was denied. On direct appeal to the Court of Criminal Appeals and to this Court, Floyd did not raise the issue of the district attorney's challenging peremptorily all of the blacks. At that time, of course, Swain v. Alabama, 380 U.S. 202,85 S.Ct. 824, 13 L.Ed.2d 759 (1965), and its virtually insurmountable burden for proving a violation of the Equal Protection Clause were still the applicable law. The Court of Criminal Appeals affirmed Floyd's conviction on May 14, 1985; likewise, this Court affirmed that decision on January 10, 1986, and denied rehearing on February 28, 1986, prior to the decision of the United States Supreme Court in Batson v.Kentucky on April 30, 1986, and prior to this Court's decision in Ex parte Jackson, 516 So.2d 768 (Ala. 1986) (wherein this Court addressed how Batson would be applied retroactively in Alabama), on December 19, 1986.
In Griffith v. Kentucky, the Supreme Court addressed the retroactive application of Batson, and held that Batson would apply to all cases that were still pending on direct appeal and were not "final" at the time Batson was decided.[2] Griffith was decided on January 13, 1987. Floyd's petition for certiorari to the United States Supreme Court was denied on February 23, 1987.[3]
The Court of Criminal Appeals held that Floyd'sBatson claim was procedurally barred because he had not raised this issue on direct appeal to that court or to this Court, and the Court of Criminal Appeals also held that any error was not "plain." In view of the fact that this case was awaiting certiorari review by the United States Supreme Court whenBatson was decided, and because, in Griffith, the Court applied the term "final," for the purpose of determining whether a defendant's conviction was final for Batson application, to "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied," 479 U.S. at 321 n. 6, 107 S.Ct. at 712 n. 6, we are constrained to hold that Floyd's conviction was not "final" at the time Batson was decided; thus, the Batson standard applies to him.
Applying Batson, we find it clear that Floyd made a prima facie showing that the district attorney used his peremptory strikes in a racially discriminatory manner.[4]
Because Floyd has made a prima facie showing of purposeful discrimination, we reverse the judgment of the Court of Criminal Appeals and remand this cause to that Court with directions to review his Batson claim in light of what we have said in this opinion. Because of our resolution of this issue, it is unnecessary for us to address any of the other issues raised in Floyd's petition for certiorari.
REVERSED AND REMANDED WITH DIRECTIONS. *Page 1237 
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] In Griffith, 479 U.S. at 314 n. 6, 107 S.Ct. at 711 n. 6, the Court noted:
"By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. See United States v. Johnson,457 U.S. 537, 542, n. 8 [102 S.Ct. 2579, 2583, n. 8,73 L.Ed.2d 202] (1982) (citing Linkletter v. Walker, 381 U.S. 618, 622, n. 5 [85 S.Ct. 1731, 1734, n. 5, 14 L.Ed.2d 601] (1965))."
[2] As already indicated, the Court in footnote 6 of Griffith, defined "final." 479 U.S. at 314 n. 6, 107 S.Ct. at 712 n. 6.
[3] We do not know why the United States Supreme Court did not address the issue of the prosecution's strikes when Floyd had raised that issue in his petition for certiorari to that Court, and we do not know why the Supreme Court of the United States, having decided Griffith shortly before it denied certiorari in this case, did not cite Griffith and remand the case to this Court. However, we think the clear definition of "final" inGriffith is controlling; in short, we do not consider the Supreme Court's denial of certiorari to be dispositive. The application of Griffith would seem to be especially applicable in a death case, and especially in view of the fact thatBatson was applied to one of petitioner's co-defendants. SeeAcres v. State, 548 So.2d 459 (Ala.Cr.App. 1987), cert. denied,548 So.2d 459 (Ala. 1989).
[4] At one of the Rule 20 hearings, the district attorney was required to give his explanations for striking all 11 blacks; he gave no particular reasons for striking any of the jurors, although he did consult some records and gave speculative reasons why he would have struck a certain juror if he had known at the time of trial what the records show now. White jurors with the same characteristics as struck black jurors were left on the jury. The Court of Criminal Appeals reversed the conviction of one of Floyd's co-defendants because the district attorney struck all 11 blacks from that defendant's jury as well and could not give any reasons for his strikes.Acres v. State, 548 So.2d 459 (Ala.Cr.App. 1987), cert. denied,548 So.2d 459 (Ala. 1989).