Phillip Benford Terry filed a petition in the Circuit Court of Morgan County for relief from conviction or sentence, pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, attacking his June 13, 1989, conviction for trafficking in cannabis. Counsel was appointed to represent Terry in this matter. After numerous pleadings were filed, the circuit judge, who was the same judge who had presided over Terry's trial, conducted a hearing on the Rule 32 petition. At the conclusion of the hearing, the circuit court found that Terry had been denied effective assistance of counsel at trial, granted Terry's petition on this ground, set aside Terry's conviction, and ordered a new trial. All other grounds of the petition were denied generally.
The sole issue raised on appeal is whether the circuit court erred in finding that Terry's trial counsel was ineffective under the standard set forth in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In June 1989, Terry was convicted of trafficking in cannabis, and he was sentenced to 25 years in prison. Terry appealed his conviction, and his conviction was affirmed by this court.Terry v. State, 570 So.2d 781 (Ala.Cr.App. 1990).
On June 3, 1991, Terry filed the present Rule 32 petition, alleging inter alia that he was denied the effective assistance of counsel at trial. In his petition, Terry alleged that his appointed trial counsel, Kevin Teague, was not prepared for trial and that *Page 163 
he refused to ask for a continuance despite Terry's request. In particular, Terry listed in his petition the following, which he alleged Teague did or failed to do that rendered his assistance ineffective:
 1. Did not know what statute or law the defendant was to be tried under;
 2. Did not bring the faulty warrants to the court's attention;
 3. Did not object to prosecuting attorney's remark to jurors that marijuana had been found in the defendant's automobile.
 4. Did not object to hearsay evidence when a witness said that the defendant had told him that there was marijuana in the trunk of the car.
 5. Did not challenge for cause a biased prospective juror, who ended up as one of the jury members.
 6. "Improper challenge for cause prospective juror, . . . who showed bias feelings and ended up being foreman of the jury."
 7. Improper challenge for cause against juror # 25.
 8. Did not object to testimony concerning weight of marijuana found in the car, so as not to preserve issue for appellate review.
 9. Did not object or except to court's oral charge to the jury when court stated that it was indeed marijuana, thereby not preserving issue for appellate review.
 10. Did not object to State's notice to proceed under Habitual Felony Offender Act.
 11. "Filed motion of discovery disclosure prematurely, which resulted in court denying motion."
12. Failed to raise issue of probable cause.
 13. Did not object to lack of notice on habitual offender hearing and did not object to the prior charge being used for enhancement purposes even though it clearly showed that defendant had not been represented by counsel when convicted.
 14. "Filed preliminary hearing wrong which resulted in court denying motion."
 15. Failed to preserve several claims for appellate review.
A hearing was held on August 15, 1991, presided over by the Honorable Rudolph W. Slate, the circuit judge who also presided at Terry's trial. At the close of the testimony of Terry and Teague, Judge Slate found that, based upon his recollection of the trial, the case, the court file, and the testimony at the Rule 32 hearing, Terry had received ineffective assistance of counsel and was therefore entitled to a new trial. The court further found that in all reasonable probability the outcome of the trial would have been different had Mr. Teague been effective in his assistance of Terry.
To prevail upon a claim of ineffective assistance of counsel, the defendant must establish both that counsel's performance was deficient and that that deficient performance prejudiced the defense to the extent that a different outcome of the trial probably would have resulted but for counsel's allegedly ineffective performance. Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Rule 32.3, A.R.Cr.P., provides that Terry has the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle him to relief. Rule 32.9, A.R.Cr.P., provides that the circuit court conduct the evidentiary hearing. Rule 19.2(a), A.R.Cr.P., provides that the law of evidence relating to civil actions shall apply to criminal proceedings, except as otherwise provided.
In the instant case, the judge who heard the evidence at the Rule 20 hearing also presided at the trial. At trial, Judge Slate had the opportunity to observe the actual conduct of Terry's counsel. He, moreover, heard the conflicting testimony at the Rule 32 hearing and chose to believe Terry's testimony.
This court will not reverse a trial court's judgment based upon ore tenus testimony unless, after consideration of all of the evidence and all reasonable inferences to be drawn therefrom, it is found to be plainly and palpably wrong.Cummings v. Hill, 518 So.2d 1246 (Ala. 1987). Nor may *Page 164 
this court substitute its judgment on the effect of the evidence dealing with pivotal questions of fact for that of the trial court. Storey v. Patterson, 437 So.2d 491 (Ala. 1983).
Applying this presumption to the case at bar, we agree with the trial court that Kevin Teague rendered ineffective assistance of counsel to Terry at trial for each of the following reasons: First, Teague's performance in failing to strike or remove for cause a juror who stated during hervoir dire examination that she would tend to side with the State in considering the evidence was so deficient as to prejudice Terry's defense. The record reveals that when the clerk called the name of S.M. as a juror, the trial court commented to defense counsel "S.M.?" It is obvious from this comment of the trial court that the juror should have been challenged for cause or struck from this jury. This error of trial counsel is clearly unjustifiable as any matter of trial strategy, and a different outcome of the trial probably would have resulted but for Teague's error in leaving a biased juror. Second, Mr. Teague testified at the hearing that at the time of the trial, he did not know the proper procedure for striking jurors for cause in a criminal trial. This admission provides additional evidence of Teague's deficient performance — had Teague understood the proper procedure for striking jurors "for cause," he might have removed the biased juror from the panel and a different outcome probably would have resulted.
Third, Terry testified at the Rule 32 hearing that Teague did not see Terry except when he first spoke with him immediately after his appointment, again when he appeared in court on a motion to reduce bond, again at his arraignment, and then for trial. Terry further testified that he tried to call Teague several times from the date of his appointment in 1987 until the date of the trial but that he was unable to talk with him and that Teague never called Terry to inquire of him about preparing a defense. According to Terry, each time he called Teague, he was told that Teague was busy and could not talk with him, and Terry was not able to talk with Teague about witnesses or preparation of his defense until the morning of trial.
Terry further testified that he gave Teague the names of several witnesses who would have testified in his behalf had they been subpoenaed but that Teague made no investigation regarding the witnesses and did not subpoena the witnesses for trial. In particular, Terry testified that these witnesses would have testified that Terry was not driving the car in which the marijuana was found and that Terry was merely being given a ride to his daughter's house to borrow her car because his car was not running.
Teague testified that although he spoke with Terry about obtaining witnesses and although Teague made a list of two individuals who he had planned to subpoena, Terry tried to fabricate witnesses to procure perjured testimony and Teague would not go along with that plan. Teague, however, further testified that he did not try to locate any of Terry's witnesses to determine whether their testimony was fabricated or would be beneficial to Terry's defense.
Effective representation consistent with the Sixth Amendment involves the independent duty to investigate and prepare.Dill v. State, 484 So.2d 491, 497 (Ala.Cr.App. 1985). Failure to investigate and failure to put on witnesses cannot be categorized as trial strategy. Horton v. Zant, 941 F.2d 1449
(11th Cir. 1991), petition for cert. filed 60 U.S.L.W. 3554 (No. 91-1280, Feb. 5, 1992). Counsel has a duty to exercise diligence in preparing a case for trial and in procuring witnesses. Weaver v. State, 401 So.2d 344 (Ala.Cr.App. 1981).
We therefore hold that Teague's failure to prepare Terry's case for trial and his failure to investigate and to put on witnesses in Terry's behalf constituted deficient performance that prejudiced Terry's defense.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, *Page 165 
and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.