McMillan, Judge.
The appellant, Richard Thomas Vander-sliee, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to 25 years’ imprisonment.
I
The appellant, a white male, argues that the trial court committed reversible error in denying his motion made pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), on grounds that the State allegedly wrongfully used six of its seven peremptory strikes to remove white veniremembers from the jury venire. See Williams v. State, 634 So.2d 1034 (Ala.Cr.App.1993) (Batson applies to the striking of white veniremembers.)
In denying the appellant’s motion, the trial court stated:
“We ended with five white males, four white females, one black male, and three black females, which is about where we started. I find there is no case in that. I detected no questions being asked to elicit remarks that would seek to find a racial reason.”
Here, the trial court specifically found that “no questions [were] asked [by the State] to elicit remarks that would seek to find a racial reason.” Because the trial court’s finding was based on his observations during voir dire and therefore was based on more than “mere numbers,” his ruling that the appellant had failed to prove a prima facie ease of racial discrimination was correct. Cf. Ex parte Thomas, 659 So.2d 3 (Ala.1994).
I
The appellant further argues that the trial court erred in denying his motion made pursuant to Batson v. Kentucky, supra, on the ground that the State exercised all of its peremptory strikes against males in a gender-based discriminatory manner.
After the appellant made this Batson motion on the basis of gender, the trial court made the following statement:
“THE COURT: All right. It appears, Gentlemen, as I read the paper today on November 3, 1993, there was argument before the U.S. Supreme Court this very date where Alabama is seeking to make law that the exercise of peremptory challenges for gender reason only is to be condemned and made improper. But I will find as of this date that is not the law.
“But I will find it is clear to me that the State has exercised prima facie — the State’s strikes were exercised in a manner discriminatory in view of the gender of the *768 defendant in this ease. Seven out of seven males is pretty tough to refute. Although it should reflect on the jurors that we started with the selection process, eleven were women....
“But from the pool we worked from I am going to find that there is a prima facie ease made that the State exercised its peremptory challenges in a gender discriminatory fashion.”
Recently, in J.E.B. v. Alabama, 511 U.S. 127, -, 114 S.Ct. 1419, 1430, 128 L.Ed.2d 89 (1994), the United States Supreme Court, in holding that the State in a discriminatory manner used 9 of its 10 peremptory challenges to remove male jurors on the basis of gender, stated:
“Equal opportunity to participate in the fair administration of justice is fundamental to our democratic system. It not only furthers the goals of the jury system. It reaffirms the promise of equality under the law that all citizens, regardless of race, ethnicity, or gender, have the chance to take part directly in our democracy. Powers v. Ohio, 499 U.S. [400] at 407 [111 S.Ct. 1364, 1368-69, 113 L.Ed.2d 411 (1991)] (‘Indeed, with the exception of voting, for most citizens the honor and privilege of jury duty is their most significant opportunity to participate in the democratic process.’) When persons are excluded from participation in our democratic processes solely because of race or gender, this promise of equality dims, and the integrity of our judicial system is jeopardized.
“In view of these concerns, the Equal Protection Clause ‘prohibits discrimination in jury selection on the basis of gender, or on the assumption that an individual will be biased in a particular case for no reason other than the fact that the person happens to be a woman or happens to be a man. As with race, the ‘core guarantee of equal protection, ensuring citizens that their State will not discriminate ..., would be meaningless were we to approve the exclusion of jurors on the basis of such assumptions, which arise solely from the jurors’ [gender].’ Batson, 476 U.S. at 97-98 [106 S.Ct. at 1723-24].”
(Emphasis added.)
In Allen v. State, 659 So.2d 135 (Ala.Cr.App.1994), this court stated:
“ ‘In Ex parte Jackson, 516 So.2d 768, 772 (Ala.1986), the Alabama Supreme Court, without awaiting direction from the United States Supreme Court on this particular issue, “held as a matter of Alabama constitutional law that this ‘Batson test’ would be applied retroactively to cases pending on direct appeal.” Ex parte Penn, 539 So.2d 319, 320 (Ala.1987). See also Ex parte Love, 507 So.2d 979, 980 (Ala.1987) (Batson should not be applied retroactively on collateral review of convictions that became final prior to its announcement); Ex parte Dorsey, 545 So.2d 106 (Ala.1989) (“We hold that in pre-Batson cases, the issue must have been raised in order to be preserved for review.”) “In Griffith v. Kentucky [479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)], the Supreme Court addressed the retroactive application of Batson, and held that Batson would apply to all cases that were still pending on direct appeal and were not ‘final’ at the time Batson was decided.” Ex parte Floyd, 571 So.2d 1234, 1236 (Ala.1990) (footnote omitted).’
“Guthrie v. State, 598 So.2d 1013, 1018 (Ala.Cr.App.1991), cert. denied, 598 So.2d 1020 (Ala.1992).”
Therefore, this cause is remanded to the trial court for the State to have an opportunity to present gender-neutral explanations for its strikes of the male veniremembers. Return shall be made to this court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.