# Williams v. The State.

## Peddling Without License.

(Decided March 2nd, 1907.  43 So. Rep. 182.)

1. *Indictment and Information; Motion to Quash; Grounds.*—It is not good ground for quashing an indictment that it does not affirmatively appear that it was presented to the court by the foreman of the grand jury in the presence of eleven members of the jury.

2. *Grand Jury; Filling Vacancy.*—Placing the names of the persons from whom the selection was to be made to fill a vacancy in the grand jury panel in a hat instead of in a box, is a substantial compliance with section 5023, Code 1896, and furnishes no ground for quashing an indictment preferred by such body.

3. *Indictment and Information; Peddling Without License; Sufficiency.*—An indictment which merely charges that defendant carried on the business of a peddler without a license is insufficient, as the penalty fixed for same by section 5467, Code 1896, is three times the amount of the state license, and the amount of such license varies according to the business to be conducted, for which such license is required.

APPEAL from Marion Circuit Court.

Heard before Hon. JOSEPH H. NATHAN.

W. A. Williams appeals from a conviction. Reversed and remanded.

The following is a copy of the record as to supplying a juror in this cause: "On the 22d day of November, 1905, came into open court the grand jury, and the foreman reported that one member of the grand jury, name-

[Williams v. The State.]

ly, O. C. Gant, was sick and desired to be excused. On investigation and hearing the evidence, the court decided that juror was sick and unable to further serve as member of said jury, and was excused from further service by the court. The number of said jury being reduced below 15, namely, to 14, the sheriff was ordered by the court to summon two qualified citizens from which to complete said grand jury. Thereupon the sheriff summoned the following named persons: H. C. Ozbirn and John Warren—whose names were by the order of the court written on slips of paper and folded so that the names could not be seen, and placed in a hat as a substitute for a box, and the sheriff, by the direction of the court, drew therefrom the name of one of said persons, to-wit, H. C. Ozbirn, who, on examination by the court, was found to possess the qualifications of grand juror, and was duly sworn as a member of said grand jury for the remainder of the term." The indictment, as to its first count, was as follows: "W. A. Williams, whose Christian name is otherwise unknown to the grand jury, engaged in or carried on the business of a peddler without a license and contrary to law." The following demurrer was interposed to each county of the indictment separately: "The same does not allege or show the business in which defendant engaged without a license, and fails to allege or state the kind of goods, wares, or merchandise which defendant is charged with having handled or sold as a peddler." These demurrers were overruled. The defendant was put upon his trial, and convicted under the first count in the indictment.

DAVIS & FITE, for appellant.—The indictment should have been quashed.—*Wesley v. The State,* 52 Ala. 182. It should have been quashed for the reason that there was not a compliance with section 4914 of the Code.—*Peters v. The State,* 98 Ala. 38; *Ramsey v. The State,* 113 Ala. 49. There is no question but that as to the transaction with reference to the portrait there has been no violation of the laws of the state against peddling.—*Ex parte Murray,* 93 Ala. 78; *State v. Agee,* 83 Ala. 110; *Stratford v. Montgomery,* 110 Ala. 69. To

prohibit such a transaction would be in violation of the interstate commerce clause of the Constitution.—136 U. S. 1st; 120 U. S. 489; 127 U. S. 645; *State v. Scott,* 36 L. R. A. 462. In any event but one sale was shown which does not constitute a business.—*Randolph v. Yellowstone Kit,* 83 Ala. 472; *State v. Chadbourn,* 30 Am. Rep. 94; *Kansas City v. Collins,* 34 Kan. 434; *Commissioners v. Coroners,* 114 Mass. 267. The sale of the frame would not bring the defendant within the purview if the statute.—*Caldwell v. The State,* 187 U. S. 622; *Laurens v. Elmore,* 45 L. R. A. 249; *Keith v. The State,* 91 Ala. 2; *Leisy v. Harden,* 135 U. S. 100.

ALEXANDER M. GARBER, Attorney-General, for State. No brief came to the Reporter.

McCLELLAN, J.—Appellant was convicted of peddling without license. A motion was made in the court below to quash the indictment upon the grounds: First, that it does not affirmatively appear that the indictment was presented to the court by the foreman of the grand jury in the presence of 11 other jurors; second, that section 5023 was not complied with in discharging a sick juror and supplying his place, so as to complete the grand jury. The first ground of the motion was properly overruled.—*McKee's Case,* 82 Ala. 32, 2 South. 451. The other objection is vain, because the record shows a substantial compliance with the requirements of section 5023 of the Code of 1896. The cases cited in support of this ground of the motion are based upon a different state of facts to those here presented, and are therefore inapplicable.

The appellant was convicted under the first count of the indictment only, so no consideration need be given the second count in any aspect. The amended subdivision 61 of section 4122 of the Code of 1896 provides that licenses must be procured by peddlers, and various classes of peddlers are designated, and different sums for each class are required to be paid for licenses.—Gen. Acts 1903, p. 214. Section 5467 of the Code of 1896, after making it an offense to carry on a business without license where one is required, fixes as the penalty of

violation a fine of "three times the amount of the state license." The indictment here charges the defendant with peddling contrary to law, but does not aver the class to which his act of peddling belongs. The demurrers go to this point.

It is evident that varying penalties may be inflicted for peddling without license, where such is required. When that is the case, the indictment must show to what class the offender belongs, in order that, from the indictment, the penalty may be known and inflicted. The reasons for this rule need not here be reiterated, since they are stated with clearness in these authorities.— *Hirschfelder's Case,* 18 Ala. 112; *Harris' Case,* 50 Ala. 127; *Hafter's Case,* 51 Ala. 37. Of course, in the case of violation of the revenue laws in the sales of liquors, the statute (section 5077) abrogates the rule above announced. The case of *Keller v. State,* 123 Ala. 94, 26 South. 323, in the respect that it affirms the validity of an affidavit similar in structure to the indictment in this case, is unsound, and must be overruled to that extent.

For the error committed in overruling the demurrer, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON and ANDERSON, JJ., concur.