(105 So. 428)

MEADOWS v. STATE. (7 Div. 185.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied August 4, 1925.)

1. Criminal law ⚖️992 — Judgment declaring defendant guilty of forgery in the first degree, as charged in the indictment, held reversible error.

In prosecution for obtaining money by false pretense, under Code 1907, § 6920, with verdict finding defendant guilty as charged in indictment, judgment that defendant was guilty of forgery in the first degree, as charged in indictment, constituted reversible error.

2. Criminal law ⚖️1114(1)—Reviewing tribunal cannot speculate, but must pass on the record as it comes before it.

Reviewing tribunal cannot speculate or guess, but must pass on the record as it comes before it.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Arthur Meadows was convicted of an offense, and he appeals. Reversed and remanded.

William H. Cather and E. O. McCord & Son, all of Gadsden, for appellant.

The record must affirmatively show that the indictment was presented in the presence of at least 11 grand jurors. Code 1923, § 4547.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is not necessary that the record affirmatively show the indictment was presented in the presence of 11 grand jurors. Williams v. State, 150 Ala. 84, 43 So. 182.

RICE, J. The defendant was indicted and tried for the offense known to the law as "obtaining property by false pretense"; the indictment being drawn in accordance with the Code form prescribed for that offense, as defined by section 6920 of the Code of 1907.

All the proceedings, with the exception to be noted, appear regular and free from prejudicial error. We have considered the exceptions reserved on the trial of appellant in the court below, and argued for reversal here, but are of the opinion there is no merit

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in any of them. So far as the record failing to affirmatively show that the indictment was returned into court in the presence of the required number of grand jurors is concerned, we think appellant's contention has already been answered adversely to him by the Supreme Court in the case of Williams v. State, 150 Ala. 84, 43 So. 182.

[1, 2] After the jury had regularly returned a verdict finding the defendant guilty "as charged in the indictment," the trial court rendered judgment as follows:

"It is therefore considered and adjudged by the court that the defendant is guilty of forgery in the first degree as charged in the indictment."

Of course, that was error, and the judgment must be reversed. The learned judge trying the case is usually so accurate that we cannot but believe this must be an error of the typist or copyist in preparing the record to be sent up here. However, it is not such an error (even if our surmise is true) as is self-correcting, and we cannot speculate or guess, but must pass upon the record as it comes before us.

The judgment is reversed, and the cause remanded.

Reversed and remanded.