321 So.2d 484

**Danny ARIS, alias Danny Lee Aris**

v.

**STATE.**

**7 Div. 382.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1975.

Donald W. Stewart, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Rosa G. Hamlett, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant entered first a plea of not guilty to a two-count indictment charging burglary in the second degree and grand larceny. He afterwards withdrew his plea of not guilty and entered a guilty plea and was sentenced to imprisonment in the penitentiary for a term of four years, the sentence to run concurrently with Case No. 7801 in the same court. Approximately seven weeks after his conviction and sentence, he filed in the trial court "MOTION FOR A NOTICE OF APPEAL." He made an affidavit of indigency, and the trial court after investigation found that he was indigent, directed a free transcript and appointed counsel on appeal. The designated document filed by appellant contained several alleged grounds, but each ground is unintelligible, unsupported other than by a conclusional verified statement of appellant or inconsistent with the record, or is so vague that it does not justify any relief. Among the grounds is the bare statement that appellant "was not properly represented by competent counsel." There is nothing in the record to support such an averment. He was represented by experienced counsel of the county of the trial, and the record indicates that he was employed by defendant, as the record shows no appointment by the court of such counsel or any need or request therefor.

Another ground of the document filed by appellant is to the effect that it was understood that if he would enter a guilty plea the sentence would run concurrently with "the Sentence he is now serving" but that "the Sentence did not run concurrent." We are not informed whether the reference is to the case with which, as shown above, the sentence in this case is made concurrent.

Appellant's counsel here urges that the trial court "failed to enter into an adequate colloquy with the Appellant," that he was "never adequately questioned as to his understanding" of each of his rights and that the trial court failed to "enter into an adequate discussion of the Appellant's rights and of the consequences of a guilty plea."

We appreciate counsel's zealous fulfillment of his duty as counsel on appeal, but we find that defendant's plea was changed from not guilty to guilty after full information as to all of his rights and that he knowingly and understandingly changed his plea and entered a plea of guilty, that he knowingly and understandingly waived his constitutional rights as to the privilege against self-incrimination, the right to a trial by jury, the right to confront one's accusers, the right to produce witnesses on his behalf and the benefit of the presumption of innocence and the requirement of proof beyond a reasonable doubt of his guilt. He was correctly advised as to the range of punishment and the punishment was kept well within that range. He executed the form found in *Ireland v. State*, 47 Ala.App. 65, 250 So.2d 602 (1971), and it was read to him in open court by his attorney. The signed document is in the record and is quoted verbatim in the colloquy among the trial judge, defendant and his counsel. After it had been read, by his counsel to him in open court, he was asked by his counsel whether he understood his rights and he replied "Yes, sir." Thereupon he signed the instrument acknowledging his understanding thereof, his guilt and his desire to plead guilty in the language of such an acknowledgment found in *Ireland*. His attorney also signed the certification in the language of the certification in

*Ireland* that he had read the contents of the document, he had read to defendant the contents of the document signed by him, had discussed defendant's rights with him, in detail, and that a written copy of the rights acknowledged and signed by defendant was given to him to keep, use and study.

The court thereafter inquired of defendant in the mentioned colloquy whether he understood his rights as his counsel had read and explained to him and he answered, "Yes, sir." The trial court went on to inquire of him whether he understood certain of the specific rights covered in the document he had signed and which had been read to him and he answered, "Yes, sir." He was then asked how he pleaded, and he answered, "Guilty, sir." He was then asked to relate what happened, and he said, "I burglarized the house and went in with the intent to steal." He was asked if it was his house and he replied, "No, sir." He was asked if he had the intent to steal and he answered, "Yes, sir." After he was asked if he had anything to say before the court passed sentence, he replied, "No, sir." Thereupon the court imposed the sentence of imprisonment in the "State Penitentiary for a term of four years" to run concurrently with Case No. 7,801.

We find full compliance with all of the safeguards set forth by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274, and related cases for the protection of a defendant's constitutional rights in the process of entertaining, accepting and acting upon a guilty plea.

■ We note that the record of the judgment entry does not fully reflect the action of the court revealed by the transcript of the colloquy among the trial judge, defendant and his counsel, in that the entry shows that there was a plea of guilty and a judgment finding defendant guilty "of the offense of Burglary and Grand Larceny," but the transcript of the colloquy shows that defendant pleaded guilty to Count One only, which is a burglary in the second degree count, and did not plead guilty to Count Two, which charged grand larceny. This was not substantial error as was held in *Meadows v. State*, 21 Ala.App. 72, 105 So. 428, and *McGee v. State*, 22 Ala. App. 500, 117 So. 487, but was clearly inadvertent.

In our opinion, defendant stands lawfully convicted of burglary in the second degree and lawfully sentenced to imprisonment for four years for such offense only. It is clear that as the trial court accepted a plea of guilty to burglary only, as distinguished from a plea of guilty to burglary and grand larceny, the punishment was based on a conviction of burglary only and not grand larceny. We see no possibility of any injury to defendant in the language of the judgment entry other than some possible consequential nonlegal injury if the inaccurate entry is allowed to stand. The same is hereby corrected by deleting the words "and Grand Larceny" wherever they appear in the entry as to the plea of guilty and as to the judgment and sentence. As thus corrected, the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Corrected and affirmed.

All the Judges concur.