552 So.2d 156 (1988)
Jimmy Russell COLEMAN
v.
STATE.
2 Div. 614.
Court of Criminal Appeals of Alabama.
June 28, 1988.
On Return to Remand December 30, 1988.
Rehearing Denied August 25, 1989.
Certiorari Denied October 27, 1989.
*157 Robert E. Upchurch, Livingston, for appellant.
Don Siegelman, Atty. Gen., and Dorothy F. Norwood, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-1562.
McMILLAN, Judge.
The appellant was indicted by the Sumter County grand jury for robbery in the first degree. He was found guilty in a jury trial of robbery in the third degree, in violation of § 13A-8-43, Code of Alabama (1975), and was sentenced to a term of one year's imprisonment. His attorney has failed to file a brief on appeal.
"In Ex parte Dunn, 514 So.2d 1300 (Ala.1987), our Supreme Court held:
"`We consider the failure to file a brief on appeal to be "[a]ctual or constructive denial of the assistance of counsel," following the reasoning of other courts that have considered this question [citations omitted]. Consequently, no showing of prejudice is required under Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ], where an attorney fails to file a brief on first appeal as of right, where that appeal is desired by the defendant.'"
Johnson v. State, 528 So.2d 1167 (Ala.Cr. App.1987).
Therefore, because the appellant is entitled to effective assistance of counsel on his first appeal of right, Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), this case is remanded for the trial court to determine whether the appellant desires to pursue his appeal. If so, the trial court is hereby ordered to appoint new counsel for the appellant, and the time for filing briefs shall run from the date of the appointment.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
This cause was originally remanded to the trial court for appointment of appellate counsel in accordance with the Supreme Court's holding in Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

I.
The appellant first contends that the prosecution failed to establish a prima facie case of robbery in the third degree in that it failed to show that he threatened the imminent use of force against Ms. Sarah Eddins when he attempted to steal her car. The appellant therefore argues that the trial court erred in denying his motion for directed verdict of acquittal. This Court does not agree.
The record indicates that Ms. Eddins testified that she could not recall many of the events that occurred during the commission of the robbery. Ms. Eddins testified that, on the morning of the robbery, she was being driven to work in her 1964 Chevrolet Impala by her grandson, Jimmy Lee Mitchell. Ms. Eddins testified that Mitchell stopped at Smith's store to buy an orange drink, and that, when he exited the car, he left the door open and the motor running. Ms. Eddins stated that a short time later the appellant, who was carrying a shotgun by his side, entered her car on the driver's side, laid his shotgun on the seat, and grabbed the steering wheel. Ms. Eddins stated that at this point, she grabbed the appellant and began blowing the horn. Ms. Eddins further testified that she did not remember the appellant's threatening her while he was in her car and that he left her car when her grandson approached.
The appellant argues that, because Sarah Eddins could not recall whether the appellant made any verbal threats against her, the prosecution failed to establish the "threat of force" element necessary to support a conviction of robbery in the third degree. Such an argument, however, contradicts Alabama law. In Kent v. State, 504 So.2d 373, 376 (Ala.Cr.App.1987), citing Lewis v. State, 469 So.2d 1291, 1298 (Ala. Cr.App.1984) aff'd, Ex parte Blake, 469 So.2d 1301 (Ala.1985), this Court held that, *158 "`as a matter of law, brandishing the weapon constituted both the use of force and the threat of force.'" (Emphasis supplied). Here, as in Kent, supra, the actions of the appellant as described by Ms. Eddins, are sufficient to show that he threatened the imminent use of force when he attempted to take her car.
After a diligent review of the record, it is the opinion of this Court that ample evidence was offered which established that the appellant threatened the imminent use of force against Ms. Eddins when he attempted to take her car. The trial court therefore properly denied the appellant's motion for directed verdict of acquittal.

II.
The appellant next argues that the trial court erred in allowing into evidence the testimony of Otis Martin, who was with the appellant when the robbery took place. The appellant alleges that Martin's testimony dealt entirely with the stabbing of a Mr. Haggard, a crime for which he had already been tried, and that the prejudicial effect of Martin's testimony outweighed its probative value.
Evidence which pertains to an accused's motive or intent to commit the presently-charged offense is admissible as an exception to the general exclusionary rule applying to collateral acts or offenses. Nelson v. State, 511 So.2d 225, 236 (Ala.Cr. App.1986), aff'd, 511 So.2d 248 (Ala.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); Dyess v. State, 418 So.2d 208 (Ala.Cr.App.1982); Terry v. State, 397 So.2d 217 (Ala.Cr.App.), writ denied, Ex parte Terry 397 So.2d 223 (Ala. 1981). See also C. Gamble, McElroy's Alabama Evidence, § 69.01(7) (3rd ed. 1977). "Moreover if the accused's commission of another crime is admissible in a present prosecution, the State may prove in meticulous detail the manner in which the accused committed such other crime." (citations omitted) Nelson, supra, at 234.
Prior to the testimony of Martin, Richard DeRamus testified that "he didn't need to be caught in Alabama," and that "[h]e didn't need to be put in jail in Alabama," and that "he had to go to Mississippi." DeRamus also testified that the appellant stated that "[h]e couldn't get a response from anybody for a ride to Mississippi," and that "there had been a murder, [sic] couldn't make it a robbery."
Martin's testimony indicated that, at the time of the stabbing, the appellant and Mr. Haggard had been passengers in his truck, and that, immediately prior to the incident involving Ms. Eddins, Martin had stopped at Smith's store to get medical assistance for Haggard. It is readily apparent from the testimony that, because of his involvement in the Haggard stabbing, the appellant wanted to leave Alabama immediately, and that he did not intend to wait for a ride in Martin's truck. Because Martin's testimony bears strongly on the appellant's motive for trying to steal Ms. Eddins's car, this Court finds that its probative value exceeds any prejudicial effect it may have had on the appellant.
The decision of whether to allow evidence of collateral crimes or acts as a part of the State's case-in-chief rests within the sound discretion of the trial judge. Blanco v. State, 515 So.2d 115 (Ala.Cr.App.1987). Because the appellant has failed to show any abuse of that discretion, the judgment of the trial court is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur, with TAYLOR, P.J., concurring in result only.