TAYLOR, Judge.
The appellant, Eric Cunningham, was convicted of indirect criminal contempt. He was sentenced to five days in jail. The appellant presents the following issues on appeal.
I
The appellant argues that the evidence did not support the finding of the trial court. The appellant maintains that there was insufficient evidence to find him guilty of criminal contempt.
The state’s evidence tended to show that the appellant was subpoenaed to appear in court concerning a probation revocation on February 13,1991.[1] The appellant failed to *396 appear in court on February 13,1991. Sergeant Rufus, of the Madison County Sheriff’s Department, testified that he served notice of the hearing on the appellant, by way of subpoena, on January 7,1991, while the appellant was outside his apartment. Fox testified that he knew the appellant because the appellant was a former police officer. When the appellant failed to appear in court, the judge issued a bench warrant against the appellant for criminal contempt. On April 16, 1991, a hearing was held on the charges of indirect criminal contempt. At this hearing, the appellant testified that he had not received notice to appear in court on February 13, 1991. Whether he had notice of the hearing was obviously disputed because Sergeant Fox had testified that he had served the appellant with a subpoena. In this instance, the trial court was the finder of fact and any conflicting evidence was a question for the court to resolve. See Taylor v. City of Decatur, 465 So.2d 479 (Ala.Cr.App.1984). If evidence exists in the record to support the court’s judgment, we will not disturb the verdict of the court. See Huguley v. City of Demopolis, 456 So.2d 879 (Ala.Cr.App.1984). No error occurred here.
II
The appellant next argues that the state failed to comply with Rule 33.3, A.R.Crim.P., because he was not given formal notice of the hearing as required by Rule 33.3.
The appellant was charged with indirect contempt of court. If an individual commits a direct contempt violation in open court, the trial judge may deal summarily with the violation. See Rule 33.2, A.R.Crim.P. If, however, the contempt is indirect, that is it is not committed in the presence of the court, the trial judge must hold a hearing prior to finding the individual in contempt. See Rule 33.3(a), A.R.Crim.P. This section states:
“[N]o person shall be found in contempt without a hearing held after a citation of the charge is given.
“(b) Citation. The citation shall:
“(1) Be in writing and state that the person to whom it is directed is cited for contempt of court;
“(2) Order that the person cited appear before the court to show cause why he or she should not be found in contempt of court as charged or should not be punished or incarcerated as provided by law;
“(3) State the essential facts constituting the contempt cited; and
“(4) Specify the time and place of the hearing.”
“Proceedings for the punishment of indirect criminal contempt, that is for contumacious acts outside the personal knowledge of the judge, usually necessitate the observance of all the elements of due process of law, that is, notice, written charges, and an opportunity to deny and defend such charges before guilt is adjudged and sentence imposed.”
17 C.J.S. Contempt § 62(2). See also Committee Comments to Rule 33.3, A.R.Crim.P.
As stated previously, the appellant maintains on appeal that he was denied due process because he was not notified of the contempt hearing. However, the record reflects that the appellant testified at the hearing that he received notice. The record reflects that the appellant was given actual notice of the charge and also notice about the date and time set for the hearing. Appellant’s due process rights were not violated. Cf. Carroll v. State, 350 So.2d 723 (Ala.Cr.App.1977).
For the foregoing reasons, the judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Evidence also established that this probation revocation had been set earlier for the month of *396 January but that the court discovered that the appellant had not been subpoenaed to appear so the hearing was postponed until February.