The appellant, Eric Cunningham, appeals from the denial of his petition for post-conviction relief under Rule 32, A.R.Crim.P. The appellant was convicted of indirect criminal contempt in 1991 and was sentenced to five days in jail. We affirmed the appellant's conviction and sentence inCunningham v. State, 590 So.2d 395 (Ala.Cr.App. 1991). Appellate counsel petitioned the Alabama Supreme Court for certiorari review, but the petition was stricken because it was untimely.
The appellant argues in this petition for post-conviction relief that his appellate counsel rendered ineffective assistance because he did not timely file the appellant's petition for writ of certiorari with the Alabama Supreme Court. The circuit court denied the petition after a hearing.
Every criminal defendant has a right to appeal his conviction to this court. If the filing of a direct appeal to this court is not timely filed and that untimeliness is the fault of counsel, then counsel's performance has been ineffective. "The appellant is entitled to effective assistance of counsel on first appeal of right." Knotts v. State, 535 So.2d 202, 204
(Ala.Cr.App. 1987). Johnson v. State, 584 So.2d 881
(Ala.Cr.App. 1991); Coleman v. State, 552 So.2d 156
(Ala.Cr.App. 1988); Jones v. State, 495 So.2d 722
(Ala.Cr.App. 1986).
This court has original jurisdiction of every criminal appeal in the state of Alabama and is obliged to review each case. The Alabama Supreme Court, however, has a limited mandatory jurisdiction and discretionary jurisdiction through certiorari review. The United States Supreme Court in Wainwright v. Torna,455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), resolved this issue against the appellant. The court stated:
 "In Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), this Court held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court. . . . Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."
455 U.S. at 587-88, 102 S.Ct. at 1301.
The appellant's petition for post-conviction relief was correctly denied.
AFFIRMED.
All the Judges concur. *Page 1016