TAYLOR, Judge.
The appellant, Stanley Graham, on June 8, 1992, pleaded guilty to the offenses of burglary in the third degree (CC-91-203) and murder (CC-92-125). He was sentenced to 20 years’ imprisonment on the burglary conviction and to 30 years’ imprisonment on the murder conviction. On June 4, 1993, the appellant filed a petition for post-conviction relief as to both convictions pursuant to Rule 32, Ala.R.Crim.P. Thereafter, on December 6, 1993, the court held a hearing on the petition and issued an order stating:
“ORDERED, ADJUDGED AND DECREED BY THE COURT that the Rule 32 petition filed by the defendant in CC-91-203 be and the same is hereby. GRANTED and the Clerk of the Circuit Court of Walker County, Alabama is directed to place said ease on the next criminal jury trial docket.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the Rule 32 petition filed by the defendant in CC-92-125 be and the same is hereby dismissed.”
On February 14, 1994, the appellant again pleaded guilty to the charge of burglary in the third degree (CC-91-203). He was sentenced to 10 years’ imprisonment on the burglary conviction. The appellant’s plea and resulting sentence were set out in an order of the court on February 15, 1994.
The appellant filed a notice of appeal on March 17, 1994, stating that he was appealing from the February 15 order, which he incorrectly asserts was a denial of his Rule 32 petition. The court’s February 15 order was not a denial of the appellant’s petition for post-conviction relief, but was instead an order accepting the appellant’s guilty plea and setting out his sentence.
The state initially argues that this appeal should be dismissed because the appellant failed to file a brief on appeal. If we choose not to dismiss on that basis, the state requests that we remand this case to the circuit court with instructions that counsel be appointed for the appellant so that he can perfect a direct appeal from his guilty plea conviction.
If in fact the appellant was appealing the partial denial of his petition for post-conviction relief, then this appeal would be dismissed pursuant to Rule 2(a)(2)(A), Ala. R.App.P., because no brief was filed with this court and because an appellant is not entitled to court-appointed counsel when collaterally attacking his conviction. Kennedy v. State, 545 So.2d 214 (Ala.Cr.App.), cert. denied, 493 U.S. 900, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). The record, however, supports the *1344 conclusion that the appellant, who was not represented by counsel, was attempting to appeal his conviction for burglary in the third degree.
A criminal defendant is entitled to representation by counsel on direct appeal from a conviction. Cunningham v. State, 611 So.2d 510 (Ala.Cr.App.1992). Therefore, this cause must be remanded to the Circuit Court for Walker County so that court can determine whether the appellant is indigent and, if so, can appoint counsel to assist the appellant in perfecting his direct appeal from his burglary conviction. If it determines that the appellant is indigent, the circuit court is to appoint an attorney within 14 days of the date of this opinion, and the attorney’s brief on behalf of the appellant is due to be filed in this court within 28 days from the date of that appointment.
REMANDED WITH DIRECTIONS. 
All the Judges concur.