On Application for Rehearing

LONG, Presiding Judge.
This case is before this Court on application for rehearing filed by the appellant, Chauncey Miguel Elliott. In February 1997, Elliott was convicted of murder and was sentenced to 35 years in the state penitentiary. He filed a timely notice of appeal from that conviction, and this Court affirmed his conviction, on October 31, 1997. Elliott v. State, (No. CR-96-0946) 727 So.2d 178 (Ala.Cr.App.1997) (table). *423 No application for rehearing was filed, and on November 18, 1997, 18 days after the decision was released, this Court issued a certificate of judgment. In August 1999, nearly two years after this Court’s decision on direct appeal, Elliott filed a petition for postconviction relief, requesting that he be allowed to file an “out-of-time” application for rehearing. He alleged that his counsel’s performance was ineffective because counsel failed to file an application for rehearing with this Court. The Madison Circuit Court, citing Rule 82.1(f), Ala. R.Crim.P., granted Elliott relief. Counsel then filed an application for rehearing.
Rule 32.1(f), Ala.R.Crim.P., does not entitle Elliott to the relief the circuit court granted. Rule 32.1 states, in pertinent part:
“Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute relief on the ground that:
[[Image here]]
“(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner’s part.”
It is clear from the wording of this rule that it applies only to situations where the notice of appeal is untimely. This rule makes no mention of, and indeed it has no bearing on, applications for rehearing. The ramifications of a trial court’s ruling granting an out-of-time application for rehearing are too numerous to comprehend. It is safe to assume that such a ruling would impact the finality of criminal judgments. We write only to foreclose other postconviction petitions that make this identical allegation.
The wording of Rule 32.1(f), is in accord with Alabama law, which provides that a defendant has a statutory right to appeal his conviction, but that right to appeal extends no further than this Court’s issuance of an opinion in the case. As we stated in Kinsey v. State, 545 So.2d 200, 203-04 (Ala.Cr.App.1989):
“In Alabama, all persons convicted of a criminal offense are granted the right to an appeal by Alabama Code 1975, § 12-22-130. This appeal is a right granted to the defendant and is to the Court of Criminal Appeals. Alabama Code 1975, § 12-3-9. Any subsequent review of a criminal conviction by a higher state appellate court is by writ of certiorari to the Alabama Supreme Court. Review by certiorari is entirely discretionary with our Supreme Court (except in capital cases). See A.R.A.P. Rule 39; Ex parte Sellers, 250 Ala. 87, 33 So.2d 349 (1948). The Supreme Court will consider a petition for writ of certiorari ‘only after the court of appeals has overruled an application for rehearing. ...’ A.R.A.P. Rule 39(a). Thus, a rehearing by this Court lies somewhere between a defendant’s first appeal as a matter of right and a subsequent discretionary review.
“With regard to rehearings,
“ ‘it is generally the rule that, except in cases provided for by statute, a rehearing is not a matter of right, but a privilege given by the appellate court, and governed and limited by its rules. Accordingly it is often held that an application for a rehearing of an appeal addresses itself to the discretion of the court, and its decision in the matter is final’ 5 C.J.S. Appeal & Error § 1409 (1958) (footnotes omitted) (emphasis added).
“Section 12-22-130, which provides for an appeal as of right, does not contain any reference to a rehearing. We have not found any statute which grants rehearing by this Court as a matter of right.
“ “Where a rehearing is not a matter of right, ... the petition or application amounts to merely a friendly suggestion to the court informing it of its oversight or errors.’ 5 C.J.S. Appeal & Error § 1428 (1958) (footnote omitted). The courts of this state have never explicitly held that a rehearing is a matter of *424 right. However, our courts have consistently treated a rehearing as a matter within the discretion of the court to which the application is addressed. ‘The office of an application for rehearing is to invite a re-examination of the questions decided in respect to their soundness as applied to the merits of the case as presented on appeal....’ Redd Chemical & Nitrate Co. v. W.T. Clay Mercantile Co., 219 Ala. 478, 479, 122 So. 652, 658 (1929) (rehearing before Supreme Court). In overruling an application for rehearing in Gossett v. Pratt, 250 Ala. 300, 301, 34 So.2d 145, 146 (1947), the Supreme Court stated: ‘The object and purpose of an application for rehearing is to invite review by the court as to the correctness of the opinion and judgment of the court as presented on the record upon which the case is submitted.’ Although Redd Chemical and Gossett involved applications for rehearing before our state Supreme Court, the principle under consideration applies to the intermediate appellate courts. In Redwine v. State, 36 Ala.App. 560, 569, 61 So.2d 715, 723, cert. denied, 258 Ala. 196, 61 So.2d 724 (1952), the Alabama Court of Appeals observed: ‘An application for rehearing amounts to merely a friendly suggestion to an appellate court informing [the court] of possible errors in its rendered opinion.’ (Emphasis added). Further indication of the discretionary nature of a rehearing is found in Saylor v. State, 278 Ala. 297, 177 So.2d 926 (1965), cert. denied, Saylor v. Alabama, 383 U.S. 917, 86 S.Ct. 909, 15 L.Ed.2d 671 (1966). In response to the defendant’s contention that the Court of Appeals ‘erred, as a matter of law, in denying the motion for a rehearing,’ the Supreme Court noted that ‘[i]t was within the discretion of the Court of Appeals as to whether that court would set aside its opinion, set aside the submission of the cause and restore it to the docket.’ 278 Ala. at 297, 177 So.2d at 927.”
As stated above, a rehearing is a discretionary review; thus, there is no right to counsel on application for rehearing. Kinsey, 545 So.2d at 205, quoting Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475, (1982). Where there is no right to counsel, there can be no claim of ineffective assistance. Patty v. State, 652 So.2d 337 (Ala.Cr.App.1994). Elliott’s attorney was not ineffective in failing to file an application for rehearing with this Court. The trial court erred, as a matter of law, in granting Elliott the right to file an “out-of-time” rehearing with this Court.
For the foregoing reasons, this out-of-time application for rehearing is due to be stricken.
OUT-OF-TIME APPLICATION FOR REHEARING STRICKEN.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.