Gabrien Dona Birdsong appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his convictions in 2001 for murder made capital because it was committed during the course of a robbery; for attempted murder; for burglary in the first degree; and for robbery in the first degree. Birdsong was sentenced to life imprisonment without the possibility of parole for the capital-murder conviction, to 99 years' imprisonment for the burglary conviction and the attempted-murder conviction, and to 50 years' imprisonment for the robbery conviction. This Court affirmed Birdsong's convictions and sentences on direct appeal in an unpublished memorandum issued on March 14, 2003. See Birdsongv. State (No. CR-01-0083), 876 So.2d 1184 (Ala.Crim.App. 2003) (table). This Court issued a certificate of judgment on April 1, 2003.
Birdsong filed the present petition on March 10, 2004, claiming that his appellate counsel was ineffective for various reasons. After receiving a response from the State, the circuit court summarily denied the petition on December 14, 2004.
 I.
Birdsong contends that his appellate counsel was ineffective for not pursuing certiorari review with the Alabama Supreme Court of this Court's affirmance of his convictions and sentences. However, it is well settled that a defendant is not entitled to counsel on a discretionary appeal to the Alabama Supreme Court. See Jackson v. State, 612 So.2d 1356 (Ala.Crim.App. 1992), andCunningham v. State, 611 So.2d 510 (Ala.Crim.App. 1992). Therefore, Birdsong could not be denied the effective assistance of counsel as a result of his appellate counsel's not seeking certiorari review, and the circuit court properly *Page 1029 
denied this allegation of ineffective assistance of appellate counsel.
 II.
Birdsong also contends that his appellate counsel was ineffective for not raising in a motion for a new trial and then pursing on appeal several allegations of ineffective assistance of trial counsel.[1]
In Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."Id. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689, 104 S.Ct. 2052. "The standards for determining whether appellate counsel was ineffective are the same as those for determining whether trial counsel was ineffective." Jones v. State, 816 So.2d 1067, 1071
(Ala.Crim.App. 2000), overruled on other grounds by Brown v.State, 903 So.2d 159 (Ala.Crim.App. 2004).
 A.
Birdsong contends that his appellate counsel should have argued that his trial counsel was ineffective for not objecting to the validity of his indictment. Specifically, Birdsong argues that the indictment was defective because, he says, "it failed to show that at least eleven (11) other grand jury members were present when the indictment was found, endorsed a true bill, signed by the foreman, or returned and filed in open court by the foreman" (C.11), and, thus, he says, his trial counsel was ineffective for not objecting to the indictment. This argument is meritless.
Section 12-16-204, Ala. Code 1975, provides that "[t]he concurrence of at least 12 grand jurors is necessary to find an indictment, and when so found it must be endorsed `a true bill' and the endorsement signed by the foreman." Section 15-8-70, Ala. Code 1975, provides:
 "All indictments must be presented to the court by the foreman of the grand jury in the presence of at least 11 other jurors, must be endorsed `filed' and must have the endorsement dated and signed by the clerk; but no entry of an indictment found must be made on the minutes, nor must any indictment be inspected by any other person than the district attorney, the presiding judge and the clerk of the court until the defendant has been arrested or has given bail for his appearance."
See also Rule 12.8(a), Ala.R.Crim.P. ("An indictment shall not be returned without the concurrence of at least twelve (12) grand jurors."), and Rule 12.8(b), Ala. R.Crim.P. ("When an indictment is found, it must be endorsed `A True Bill,' and the indictment must be signed by the foreman. The indictment shall be returned and filed in open court by the foreman in the presence *Page 1030 
of at least eleven (11) other members of the grand jury.").
To the extent that Birdsong is arguing that the indictment does not state on its face that there was a concurrence of at least 12 grand jurors in returning the indictment, such a specific statement on the face of an indictment is not required because "the signature of the grand jury foreman signifie[s] the concurrence of 12 or more grand jurors," Ex parte James,813 So.2d 841, 842 (Ala. 2001) (Johnstone, J., concurring specially). In this case, the indictment was endorsed a true bill and contains the signature of the grand jury foreman.
To the extent that Birdsong is arguing that the indictment failed to state on its face that it was presented in open court by the grand jury foreman in the presence of at least 11 other grand jurors, such a specific statement on the face of an indictment is also not required. Rather, a statement on the indictment that it was returned in open court by the grand jury foreman, which the indictment in this case includes, signifies that the presentment in open court was in the presence of at least 11 other grand jurors. See Williams v. State,150 Ala. 84, 43 So. 182 (1907); McKee v. State, 82 Ala. 32, 2 So. 451
(1887); Russell v. State, 33 Ala. 366 (1859); and Meadows v.State, 105 So. 428, 21 Ala.App. 72 (1925).
The indictment in this case was valid, and any objection to the indictment would have been baseless. "[C]ounsel could not be ineffective for failing to raise a baseless objection." Beardenv. State, 825 So.2d 868, 872 (Ala.Crim.App. 2001). Because trial counsel was not ineffective for not objecting to the indictment, appellate counsel could not be ineffective for not raising this allegation of ineffective assistance of trial counsel. Therefore, summary denial of this allegation of ineffective assistance of appellate counsel was proper.
 B.
Birdsong also contends that his appellate counsel should have argued that his trial counsel was ineffective for not objecting to what he claims was a misleading jury instruction on felony murder as a lesser-included offense of capital murder during a robbery. Specifically, Birdsong argues that the trial court's instruction on felony murder failed to sufficiently apprise the jury that although felony murder does not require an intent to kill, it does require the intent to commit the underlying felony.
We have reviewed the trial court's jury instruction on felony murder; the instruction follows the language in the AlabamaPattern Jury Instructions: Criminal (3d ed. 1994). The trial court correctly instructed the jury that felony murder required the defendant to have caused the victim's death during the commission of a robbery in the first degree, and the court accurately defined the elements of robbery in the first degree, including the element that the defendant have the intent to overcome the victim's physical resistance or physical power of resistance or the intent to compel acquiescence to the taking of the property as well as the intent to deprive the owner of his or her property. The instruction was not misleading, but properly apprised the jury of the elements of felony murder. Because the trial court's jury instruction on felony murder was proper, any objection would have been baseless. "[C]ounsel could not be ineffective for failing to raise a baseless objection." Beardenv. State, 825 So.2d 868, 872 (Ala.Crim.App. 2001). Because trial counsel was not ineffective in this regard, appellate counsel could not be ineffective for not raising this allegation of ineffective assistance of trial counsel. Therefore, *Page 1031 
summary denial of this allegation of ineffective assistance of appellate counsel was proper.
 C.
Finally, Birdsong contends that his appellate counsel should have argued that his trial counsel was ineffective for not challenging his convictions for murder made capital because it was committed during a robbery and for robbery in the first degree on double-jeopardy grounds.
Count II of the indictment charged Birdsong with murder made capital because it was committed during a robbery as follows:
 "The Grand Jury of said county further charge that, before the finding of this indictment, GABRIEN DONA BIRDSONG, whose name is otherwise unknown to the Grand Jury, did intentionally cause the death of another person, to-wit: Quentin Troupe, by shooting him with a pistol, and the said GABRIEN DONA BIRDSONG did cause said death during the time that he was in the course of committing a theft of property, to-wit: United States currency, the property of Milton Hines or other occupants of the residence, by the use of force or by threatening the imminent use of force against the person of the said Quentin Troupe, another person present, with the intent to overcome his physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said GABRIEN DONA BIRDSONG was armed with a deadly weapon or dangerous instrument, to-wit: a pistol or shotgun, in violation of Section 13A-5-40(a)(2) of the Code of Alabama."
(Record on Direct Appeal, C. 6.) Count V of the indictment charged Birdsong with robbery in the first degree as follows:
 "The Grand Jury of said county further charge that, before the finding of this indictment, GABRIEN DONA BIRDSONG, whose name is otherwise unknown to the Grand Jury, did on or about December 29, 1999, in the course of committing a theft of United States currency, the property of Milton Hines, use force against the person of Quentin Troupe, with intent to overcome his physical resistance or physical power of resistance, or threaten the imminent use of force against the person of Quentin Troupe with intent to compel acquiescence to the taking of or escaping with the property, while the said GABRIEN DONA BIRDSONG was armed with a deadly weapon or dangerous instrument, to-wit: a pistol or shotgun, in violation of Section 13A-8-41 of the Code of Alabama."
(Record on Direct Appeal, C. 7.)
It is clear that the robbery forming the basis of the first-degree-robbery charge was the same robbery underlying the capital-murder charge. Thus, robbery as charged in Count V of the indictment was a lesser-included offense of capital murder during a robbery as charged in Count II of the indictment, and Birdsong's convictions for both violate the principles of double jeopardy. Although Birdsong raises this claim in terms of ineffective assistance of appellate counsel, this type of double-jeopardy violation is jurisdictional.[2] As this Court explained in Buford v. State, 891 So.2d 423
(Ala.Crim.App. 2004): *Page 1032 
 "It is well settled that `[a] defendant cannot be convicted of both a capital offense and a lesser offense that is included in the capital charge.' Adams v. State, [Ms. CR-98-0496, August 29, 2003] ___ So.2d ___, ___ (Ala.Crim.App. 2003). See also Turner v. State, 924 So.2d 737 (Ala.Crim.App. 2002). Section 13A-1-8(b), Ala. Code 1975, provides, in pertinent part:
 "`(b) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 "`(1) One offense is included in the other, as defined in Section 13A-1-9.'
 "Such a double-jeopardy transgression implicates the jurisdiction of the trial court and must be noticed by this Court regardless of whether it was raised. See, e.g., Straughn v. State, 876 So.2d 492
(Ala.Crim.App. 2003) (opinion on return to remand and on application for rehearing); Borden v. State, 711 So.2d 498 (Ala.Crim.App. 1997), aff'd, 711 So.2d 506
(Ala. 1998); and Rolling v. State, 673 So.2d 812
(Ala.Crim.App. 1995)."
891 So.2d at 435-36.[3] Therefore, Birdsong's conviction for robbery in the first degree must be vacated.
Based on the foregoing, we remand this case for the circuit court to vacate Birdsong's conviction and sentence for robbery in the first degree under Count V of the indictment. Due return shall be filed with this Court no later than 21 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] We note that appellate counsel did, in fact, raise several allegations of ineffective assistance of trial counsel at a hearing on Birdsong's motion for a new trial and did pursue those claims on appeal. However, counsel did not raise the allegations of ineffective assistance of trial counsel that Birdsong now claims should have been raised.
[2] Because this double-jeopardy violation implicates the jurisdiction of the trial court, we need not address the State's argument that Birdsong suffered no prejudice as a result of his two convictions as required under Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[3] Buford was Birdsong's codefendant.
* Note from the reporter of decisions: On August 12, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 16, 2005, that court denied rehearing, without opinion. On November 10, 2005, the Supreme Court denied certiorari review, without opinion (1050018).