BASCHAB, Presiding Judge.
On October 9, 2003, the appellee, Michael David Carruth, was convicted of four counts of capital murder for the killing of William Brett Bowyer. The murder was made capital because he committed it during the course of a kidnapping, see § 13A-5-40(a)(l), Ala.Code 1975; because he committed it during the course of a robbery, see § 13A-5-40(a)(2), Ala.Code 1975; because he committed it during the course of a first-degree burglary, see § 13A-5-40(a)(4), Ala.Code 1975; and because the victim was less than 14 years of age, see § 13A-5-40(a)(15), Ala.Code 1975. He was also convicted of attempted murder, first-degree robbery, and first-degree burglary. The jury unanimously recommended that the appellee be sentenced to death on the capital murder convictions. The trial court followed the jury’s recommendation and sentenced him to death on the capital murder convictions. It also sentenced him to serve terms of life in prison on the attempted murder, first-degree robbery, and first-degree burglary convictions. We affirmed the appellee’s convictions and sentences for capital murder and attempted murder, but reversed his convictions and sentences for first-degree robbery and first-degree burglary. See Carruth v. State, 927 So.2d 866 (Ala. Crim.App.2005). Although he filed an application for a rehearing in this court, the appellee did not file a petition for a writ of certiorari in the Alabama Supreme Court. This court issued a certificate of judgment on November 2, 2005.
On October 25, 2006, the appellee filed a Rule 32 petition, challenging his convictions and sentences. He also sought “an out-of-time appeal to the Alabama Supreme Court” based on allegations that he did not appeal through no fault of his own, see Rule 32.1(f), Ala. R.Crim. P., and that his counsel rendered ineffective assistance because he did not petition the Alabama Supreme Court for certiorari review. (C.R. 5.) After the State responded, the circuit court entered an order in which it stated:
“To the extent this court has jurisdiction, Petitioner, Michael David Carruth is granted permission to file an Out of Time Petition for Writ of Certiorari to the Alabama Supreme Court.
“All Rule 32 issues are reserved by this court and shall be addressed subsequent to ruling by the Supreme Court of Alabama on Petitioner, Michael David Carruth’s ‘Petition for Writ of Certiora-ri.’ ”
(C.R. 162.) This appeal by the State followed.[1]
The State argues that the circuit court erred in granting the appellee permission to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court. For the reasons set forth herein, we agree.
*766 With regard to petitions for writs of certiorari, Rule 39(a), Ala. R.App. P., provides, in pertinent part:
“Certiorari review is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only when there are special and important reasons for the issuance of the writ.”
(Emphasis added.) The “Court Comment to Amendment to Rule 39 Effective May 19, 2000, as to death-penalty cases and August 1, 2000, as to all other cases” states, in pertinent part:
“The amendment changes the standard for certiorari review of criminal cases in which the death penalty is imposed. For provisions relating to death-penalty cases, see subsection (a)(2)(A)(E). The amendment removes the provision in the former Rule 39(c) that provided that a petition for a writ of certio-rari to the Supreme Court in a case in which the death penalty was imposed would be granted as a matter of right. With this amendment, review of death-penalty cases will be at the discretion of the Stipreme Court. The Supreme Court retains the authority to notice any plain error or defect in the proceedings under review in those cases. In a death-penalty case, the petitioner must concisely state the grounds when review is sought based on a failure to recognize as prejudicial any plain error or defect. That statement must include a description of the issue and circumstances warranting plain-error review. The Supreme Court retains the authority to enlarge the time for filing a petition for a writ of certiorari in a death-penalty case. Lastly, the Supreme Court may notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court or the Court of Criminal Appeals, but it is not required to do so.”
(Emphasis added.)
A.
The State argues that Rule 32.1(f), Ala. R.Crim. P., did not provide a valid basis for granting his requested relief. In Elliott v. State, 768 So.2d 422 (Ala.Crim. App.1999), citing a previous version of Rule 32.1(f), Ala. R.Crim. P., the circuit court granted Elliott permission to file an out-of-time application for a rehearing in this court. We struck the out-of-time application for a rehearing, stating:
“Rule 32.1(f), Ala. R.Crim. P., does not entitle Elliott to the relief the circuit court granted. Rule 32.1 states, in pertinent part:
“ ‘Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute relief on the ground that:
[[Image here]]
“ ‘(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner’s part.’
“It is clear from the wording of this rule that it applies only to situations where the notice of appeal is untimely. This rule makes no mention of, and indeed it has no bearing on, applications for rehearing. The ramifications of a trial court’s ruling granting an out-of-time application for rehearing are too numerous to comprehend. It is safe to assume that such a ruling would impact the finality of criminal judgments. We write only to foreclose other postconviction petitions that make this identical allegation.”
Elliott, 768 So.2d at 423.
Rule 32.1, Ala. R.Crim. P., currently provides, in pertinent part:
*767 “Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
[[Image here]]
“(f) The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner’s part.”
(Emphasis added.) Although Rule 32.1(f), Ala. R.Crim. P., has been amended to include out-of-time appeals from rulings on Rule 32 petitions, our reasoning in Elliott remains valid. By its plain language, Rule 32.1(f), Ala. R.Crim. P., applies only in situations where the notice of appeal from a conviction and sentence or from a dismissal or denial of a Rule 32 petition is untimely. It does not mention and does not have any application to petitions for writs of certiorari in the Alabama Supreme Court. Accordingly, Rule 32.1(f), Ala. R.Crim. P., did not support the granting of permission for the appellee to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court.
B.
The State also argues that the ap-pellee’s contention that his counsel rendered ineffective assistance on direct appeal because he did not file a petition for a writ of certiorari in the Alabama Supreme Court was not a valid basis for granting his requested relief. We addressed a similar situation in Birdsong v. State, 929 So.2d 1027, 1028-29 (Ala.Crim.App.2005), as foEows:
“Birdsong contends that his appellate counsel was ineffective for not pursuing certiorari review with the Alabama Supreme Court of this Court’s affirmance of his convictions and sentences. However, it is well settled that a defendant is not entitled to counsel on a discretionary appeal to the Alabama Supreme Court. See Jackson v. State, 612 So.2d 1356 (Ala.Crim.App.1992), and Cunningham v. State, 611 So.2d 510 (Ala.Crim.App. 1992). Therefore, Birdsong could not be denied the effective assistance of counsel as a result of his appellate counsel’s not seeking certiorari review, and the circuit court properly denied this allegation of ineffective assistance of appellate counsel.”
Also, in Jenkins v. State, 972 So.2d 111, 124-27 (Ala.Crim.App.2004), affd in relevant part, rev’d on other grounds, 972 So.2d 159 (Ala.2005), a death penalty case, we held:
“The United States Supreme Court in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), ‘held that denial of counsel to indigents on first appeal as of right amounted to unconstitutional discrimination against the poor.’ Pennsylvania v. Finley, 481 U.S. 551, 554, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The Douglas Court also noted, ‘We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court.’ 372 U.S. at 356, 83 S.Ct. 814. The United States Court of Appeals for the Eleventh Circuit, in Williams v. Turpin, 87 F.3d 1204, 1209 (11th Cir.1996), aptly stated the rationale behind the Douglas holding:
“‘The right to effective assistance of counsel during the first appeal attaches because once a state has created a right of appeal, the state must *768 ensure that all persons have an equal opportunity to enjoy the right. [Douglas v. California, 372 U.S. 353,] at 356-57, 83 S.Ct. [814] at 816 [(1963)]. However, “once a defendant’s claims of error are organized and presented in a lawyerlike fashion” during the first appeal as of right, the obligation of ensuring equal access to the court system is no longer constitutionally required. Ross v. Moffitt, 417 U.S. 600, 615-16, 94 S.Ct. 2437, 2446-47, 41 L.Ed.2d 341 (1974). “The duty of the State ... is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State’s appellate process.” Id.’
“We have consistently followed the Douglas holding and concluded that the right to counsel does not extend beyond the first appeal as of right. See State v. Tarver, 629 So.2d 14 (Ala.Crim.App. 1993); Jackson v. State, 612 So.2d 1356 (Ala.Crim.App.1992); Cunningham v. State, 611 So.2d 510 (Ala.Crim.App. 1992); James v. State, 564 So.2d 1002 (Ala.Crim.App.1989); Kinsey v. State, 545 So.2d 200 (Ala.Crim.App.1989); Thomas v. State, 511 So.2d 248 (Ala. Crim.App.1987); Bies v. State, 418 So.2d 940 (Ala.Crim.App.1982). We have also applied the Douglas holding to death-penalty cases. See State v. Tarver, supra, and Thomas v. State, 511 So.2d 248 (Ala.Crim.App.1987).
“In Alabama, the right to appeal a criminal conviction is a statutory right. See § 12-22-130, Ala.Code 1975. A defendant convicted of a felony has the right to appeal his conviction to the Alabama Court of Criminal Appeals; therefore, the first appeal as of right is to this Court. See § 12-3-9, Ala.Code 1975 (‘The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all ... felonies.’). ‘Appellant is constitutionally entitled to effective assistance of counsel, which includes the filing of an appellate brief on first appeal as a matter of right.’ Johnson v. State, 584 So.2d 881, 883 (Ala.Crim.App.1991). As we stated in State v. Tarver, 629 So.2d at 18, also a death-penalty case, ‘a criminal defendant is guaranteed one appeal from his conviction, and that appeal is to this court.’
“Recently, in Ex parte Berryhill, 801 So.2d 7, 11 (Ala.2001), the Alabama Supreme Court reiterated the principle that a defendant has a constitutional right to counsel in his first appeal:
“ ‘Historically, courts have emphasized the importance of appellate review:
“ ‘ “The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to [the] appellate stage. Both stages ..., although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently [overlooked].”
“ ‘Penson v. Ohio, 488 U.S. 75, 85, 109 S.Ct. 346,102 L.Ed.2d 300 (1988).
“ ‘ “In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that — like a trial — is governed by intricate rules that to a layperson would be hopelessly forbidding.”
*769 “ ‘Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Therefore, the constitutional right to effective assistance of counsel applies to appellate proceedings. Id., 469 U.S. at 398, 105 S.Ct. 830 (criminal defendants have constitutional rights to effective counsel during the first appeal as of right); see Williams v. Turpin, 87 F.3d 1204, 1209 (11th Cir. 1996).’
“801 So.2d at 11.
“We are aware that the majority of Alabama cases that have followed Douglas are not death-penalty cases and that at the time our decision in Watkins [v. State, 632 So.2d 555 (Ala.Crim.App. 1992)] was released a defendant convicted of a capital offense and sentenced to death was granted an automatic review by this Court and that a petition for a writ of certiorari was automatically granted by the Alabama Supreme Court. See Rule 39, Ala. R.App. P. However, an appeal to the Alabama Supreme Court is a second appeal conducted after this Court has considered and addressed the issues raised by an attorney in the brief to this Court. The State’s obligation to provide counsel was satisfied by providing counsel on the first appeal to this Court. See Douglas v. California, 372 U.S. at 356, 83 S.Ct. 814; Williams v. Turpin, 87 F.3d at 1209. ... The primary responsibility for reviewing all death-penalty convictions and sentences is with this Court. See § 13A-5-53(a), Ala.Code 1975.
“In Thomas, 511 So.2d 248, this Court addressed a claim that an attorney’s performance in his death-penalty appeal before the United States Supreme Court was deficient. In refusing to recognize the right to counsel beyond that which is constitutionally required, we stated:
“ ‘While we quickly recognize the apparent differences between the two types of punishment [a sentence of death versus a sentence of life imprisonment], we know of no reason why the magnitude of the death sentence should distort the guarantee of effective counsel beyond the scope defined by the Supreme Court.’
“511 So.2d at 258. As the Ohio Supreme Court stated in State v. Buell, 70 Ohio St.3d 1211, 1211, 639 N.E.2d 110, 110 (1994):
“ ‘[The defendant’s] 1986 appeal to [the Ohio Supreme Court] was his second appeal. “[T]he right to appointed counsel extends to the first appeal as of right, and no further.” (Emphasis added.) Pennsylvania, v. Finley (1987), 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545. See, also, Evitts v. Lucey (1985), 469 U.S. 387, 394, 105 S.Ct. 830, 834-835, 83 L.Ed.2d 821, 828. Having no constitutional right to counsel on a second appeal, [the defendant] had no constitutional right to the effective assistance of counsel.’
“There is no right to counsel when pursuing a second appeal before the Alabama Supreme Court; therefore, there is no right to the effective assistance of counsel.”
(Footnotes omitted.)
Likewise, we conclude that the appellee was not entitled to counsel on a discretionary appeal to the Alabama Supreme Court. Therefore, he could not have been denied the effective assistance of counsel when his appellate counsel did not file a petition for a writ of certiorari in the Alabama Supreme Court. Accordingly, the appellee’s ineffective-assistance allegations did not support the granting of permission for him to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court.
*770 For the above-stated reasons, the circuit court erred in granting the appellee permission to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court. Accordingly, we reverse that court’s order and remand this case for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, WISE, and WELCH, JJ., concur.
SHAW, J., concurs in the result.

. On or about October 18, 2007, relying on Rules 2(b) and 39(a)(2)(C), Ala. R.App. P., the appellee filed a "Motion to Suspend the Alabama Rules of Appellate Procedure and Extend the Time for the Filing of a Petition for a Writ of Certiorari" in the Alabama Supreme Court with regard to his direct appeal. However, the supreme court denied that motion.